Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
Tel: 516-671-1150
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Jose Zaldivar, | |
|---|---|
| Plaintiff, | **COMPLAINT WITH JURY DEMAND** |
| -*against*- | **Case No.** |
| Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent, | |
| Defendants. | |

Plaintiff Jose Zaldivar, by his attorneys, the Moser Law Firm, P.C., hereby files this complaint against Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent, and alleges as follows:

JURISDICTION AND VENUE

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including minimum wages, overtime, spread of hours and wage statement violations.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

*Plaintiff*

4. Plaintiff Jose Zaldivar is a natural person who resides in Nassau County, New York.

*Corporate Defendant*

5. Defendant Levent Company, Ltd. is a domestic corporation incorporated under the laws of the State of New York.

6. Defendant Levent Company, Ltd. maintains a principal place of business at 1380 Old Northern Blvd., Roslyn, New York 11576.

*Individual Defendant*

7. Defendant Muslum Levent is a natural person who resides in Nassau County, New York.

8. Upon information and belief, Defendant Muslum Levent ("Levent"), at all times relevant, was a shareholder of Levent Company, Ltd.

9. Upon information and belief, Defendant Levent had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

10. Upon information and belief, Defendant Levent exercised sufficient operational control over Levent Company, Ltd. to be deemed Plaintiff's employer.

## FACTUAL ALLEGATIONS

11. At relevant times, Defendant Levent Company, Ltd. was an employer as defined under the FLSA and NYLL.

12. At relevant times, Defendant Levent was an employer as defined under the FLSA and NYLL.

13. At all relevant times, Defendant Levent Company, Ltd. has been an entity engaged

in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

14. For the calendar year 2018, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

15. For the calendar year 2019, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

16. For the calendar year 2020, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

17. At all relevant times, Levent Company, Ltd. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

18. At all relevant times, Levent Company, Ltd. did business as Shish Kebab Grill.

19. At all relevant times, Jose Zaldivar was an employee of and employed by the Defendants under the FLSA and NYLL.

20. Jose Zaldivar was employed by Defendants from on or about February 2015 until May 30, 2021.

21. From approximately July 1, 2015 until approximately December 31, 2017, Mr.. Zaldivar's regular working hours were from 10 AM to 10 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

22. From approximately January 1, 2018 until approximately March 31, 2020, Mr. Zaldivar's regular working hours were from 10:30 AM to 9:00 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

23. From approximately April 1, 2020 until approximately May 15, 2020, Mr. Zaldivar was ill with COVID-19 and did not work.

24. From approximately May 16, 2020 until approximately August 15, 2020, Mr. Zaldivar's regular working hours were from 10:30 AM to 8:30 PM on Monday, Wednesday,

Thursday, Friday, Saturday and Sunday.

25. From approximately August 16, 2020 until May 30, 2021, Mr. Zaldivar's regular working hours were from 10:30 AM to 9:00 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

26. Mr. Zaldivar took a one-hour lunch break each day.

27. From approximately July 1, 2015 until approximately December 31, 2017, Mr.. Zaldivar worked approximately 66 hours per week.

28. From approximately January 1, 2017 until approximately March 31, 2020, Mr. Zaldivar worked approximately 57 hours per week.

29. From approximately May 16, 2020 until approximately August 15, 2020, Mr. Zaldivar worked approximately 54 hours per week.

30. From approximately August 16, 2020 until May 30, 2021, Mr. Zaldivar worked approximately 57 hours per week.

31. Defendants failed to pay Mr. Zaldivar an hourly rate of pay.

32. During the calendar year 2015, Defendants paid Mr. Zaldivar $450.00 per week in cash.

33. During the calendar years 2016 and 2017, Defendants paid Mr. Zaldivar $470 per week in cash.

34. During the calendar years 2018 and 2019, Defendants paid Mr. Zaldivar $500 per week in cash.

35. During the calendar years 2020 and 2021, Defendants paid Mr. Zaldivar $525 per week in cash.

36. Mr. Zaldivar was not paid the applicable minimum wage for each regular hour worked as required by the New York Hospitality Industry Wage Order and the New York Labor

Law during the calendar year 2021.

37. From approximately July 1, 2015 until December 30, 2020, the Plaintiff was not paid overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

38. From December 31, 2020 until May 30, 2021, the Plaintiff was not paid overtime compensation for hours worked in excess of forty at one- and one-half times the applicable minimum wage.

39. Defendants failed to furnish Mr. Zaldivar a wage statement with each payment of wages.

40. Mr. Zaldivar worked a spread of hours that exceeded ten approximately six days each week.

41. Mr. Zaldivar was not paid the spread of hours premium by the Defendants.

FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

43. Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

44. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

45. Defendants were required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

46. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

47. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

48. Because Defendants' violations of the FLSA were willful, a three-year statute of

limitations applies.

## SECOND COUNT

*Overtime wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations § 146-1.4)*

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

50. Defendants are each an employer under the NYLL.

51. Plaintiff is an employee under the NYLL.

52. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay, or one and one-half times the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours in a workweek.

53. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

54. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

## THIRD COUNT

*Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.2)*

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56. Defendants are each an employer under the NYLL.

57. Plaintiff is an employee under the NYLL.

58. On and after December 31, 2020, the Plaintiff was entitled to be paid $14.00 per hour for each regular hour worked pursuant to NYCRR .

59. Defendants failed to pay Plaintiff the minimum wages to which he was entitled in

the year 2021.

60. Defendants willfully deprived the Plaintiff of the minimum wages to which he was entitled.

## FOURTH COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

62. Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

63. Plaintiff regularly worked a spread of hours that exceeded ten.

64. Defendants failed to pay the Plaintiff spread-of-hours pay.

65. Defendants willfully deprived the Plaintiff the spread of hours pay to which he was entitled.

## FIFTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

66. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

67. NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

68. Defendants failed to provide a wage statement with each wage payment as required by NYLL § 195.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

C. Unpaid minimum wages under the NYLL;

D. An amount equal to unpaid minimum wages under the NYLL;

E. Unpaid spread of hours pay;

F. An amount to Spread of Hours Pay as liquidated damages under the NYLL;

G. Statutory damages for continuing violations of the wage statement provisions of NYLL § 195, up to a total of $5,000;

H. Reasonable attorney's fees and costs of the action;

I. Prejudgment interest; and

J. Such other relief as this Court shall deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated: Huntington, New York
      January 5, 2022

                                      Respectfully submitted,
                                      MOSER LAW FIRM, P.C.

                                      _____
                                      By: Steven John Moser
                                      5 E. Main Street
                                      Huntington, NY 11743
                                      (516) 671-1150
                                      steven.moser@moserlawfirm.com
                                      *Attorneys for Plaintiff*