UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ZALDIVAR,

                                              Plaintiff,                    Docket No.: 22-cv-00065
                                                                                                  (GRB)(ARL)

       v.

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                                              Defendants.
------------------------------------------------------------------------X

**DECLARATION OF DANIELLE E. MIETUS, ESQ. IN SUPPORT OF
FRANKLIN, GRINGER & COHEN, P.C.'S MOTION TO
<u>WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS</u>**

Pursuant to 28 U.S.C. § 1746, Danielle E. Mietus, Esq., hereby declares as follows:

1. I am an associate at Franklin, Gringer & Cohen, P.C. ("the Firm"), and am an attorney admitted to the Bar of this Court. In this wage and hour matter, the Firm currently represents Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent (together as "Defendants"). As Defendants' counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

2. I submit this declaration in support of the Firm's motion, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter, "Local Rule(s)"), for leave to withdraw as Defendants' attorneys of record and for a stay.

3. The Firm respectfully requests to be relieved as counsel of record because, as will be discussed in more detail below, the Defendants have failed and continue to fail to pay the Firm for legal services rendered and there has been a breakdown of the relationship with Defendants

rendering it unreasonably difficult for the Firm to effectively and adequately carry out its representation.

## Procedural History and Relevant Facts

4. On January 20, 2022, Defendants entered into a written Retainer Agreement with the Firm for purposes of defending the Defendants in this action, which Plaintiff commenced on January 5, 2022 with the filing of his Summons and Complaint in this Court alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Defendants. ECF No. 1.

5. Pursuant to the Retainer Agreement, Defendants were to pay the Firm's fees on an hourly basis.

6. While we will gladly provide the Court with more detail on an *ex parte* basis should the Court require it, so as not to disclose the specifics of any confidential material, for purposes here it is sufficient to state that the Firm has performed work on Defendants' behalf, at their direction, and they owe the Firm a sum of money for services rendered.

7. Despite receiving monthly invoices, as specifically detailed in the written Retainer Agreement, Defendants have failed and continue to fail to pay, and have owed the Firm for its work.

8. On April 11, 2022, Defendants filed their Answer. ECF No. 6.

9. Subsequently, on October 7, 2022, Plaintiff filed a status report advising the Court that the parties had selected a mediator from the Court's mediation panel, ECF No. 9, and on October 13, 2022, the Court issued an FLSA Initial Discovery and Mediation Referral Order, setting, *inter alia*, deadlines for the parties to engage in initial discovery protocol and complete mediation. ECF No. 10.

10. Thereafter, in an effort to comply with the Court's aforementioned Order, the Firm contacted Defendants on numerous instances requesting the required documents and information but received sporadic responses from Defendants.[1] To date, Defendants still have not provided the Firm with the requested documents and information despite repeated requests for same.

11. On January 24, 2023, the undersigned filed the parties' joint status report requesting that the Court refer the parties to the EDNY mediation program, advising of their selection of mediator, Patrick McKenna, Esq., and requesting sixty days from the date of such referral to complete mediation, ECF No. 11, which the Court granted the following day, setting a mediation completion deadline of March 27, 2023. *See* Electronic Order dated January 25, 2023.

12. However, shortly thereafter in early-February 2023 a tragic earthquake occurred in Turkey where Defendant Levent had family. Around this same time, Defendant Levent informed the Firm that because of the earthquake in Turkey where several of his family members had unfortunately been unaccounted for, Defendants would not be able to participate in mediation until late March. In early-March 2023, the Firm again attempted to ascertain Defendants' availability for mediation that month, but Defendants ceased all communication with counsel.

13. Ultimately, given Defendants inability to confirm a mediation date, the parties were unable to move forward with mediation.

14. On April 28, 2023, Plaintiff filed a status report letter with the Court requesting, *inter alia*, that the Court issue an order directing Defendants to produce certain documents and participate in mediation, and if not, permitting Plaintiff leave to file a motion for default judgment. ECF No. 12.

---

[1] The Firm has tried contacting Defendants by phone and email and has received sporadic responses from Defendants. Any specific dates referenced herein are not exhaustive. Should the Court require, we will share additional details and documents with the Court *ex parte*, which we will be prepared to provide to the Court for an *in camera* review should it see fit.

15.     On May 3, 2023, the undersigned filed Defendants' response to Plaintiff's April 28th letter, ECF No. 13, noting therein that Defendants had been in limited contact with counsel since early-February 2023 and, since the Firm's last contact with Defendants in early-March 2023, Defendants had ceased communication with their counsel.

16.     That same day, still on May 3, 2023, the Firm sent email correspondence to Defendant Levent, *inter alia*, warning Defendants of the consequences of their continued failure to respond and cooperate with their counsel in this matter and, if the Firm did not receive a response, it would have no option but to move to withdraw representation of Defendants.

17.     The following day, on May 4, 2023, the Court issued an Electronic Order directing Defendants' counsel to move to withdraw as counsel by today, July 7, 2023, or produce documents as directed by the Court's prior Order.

18.     Upon Defendant Levent's receipt of the Firm's May 3rd email, he contacted the Firm via telephone informing counsel that several of his relatives in Turkey passed away due to the earthquake and, *inter alia*, Defendants' time and financial resources have been devoted to aiding his family.

19.     Since then, the Firm has not received any further communication from Defendants despite the efforts to contact them and, to that end, Defendant Levent's phone number is no longer receiving calls.

20.     Accordingly, the Firm must proceed with its Motion to Withdraw as Counsel of Record for Defendants.

21.     Presently, formal discovery has not yet started, nor has the Court entered a Discovery Plan and Scheduling Order, and trial is not yet scheduled in this matter.

**Withdrawal of Representation**

22. Local Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

23. Pursuant to the Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 22, § 1200, a "lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees . . . [or] the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." See Rule 1.16(c)(5), 1.16(c)(7); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citing *United States v. Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively"); *Alvarez v. Michael Anthony George Constr. Corp.*, 2014 WL 12921226, at *1 (E.D.N.Y. June 18, 2014) (granting motion to withdraw as counsel for defendants on the basis of the clients' refusal to pay legal fees).

24. "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases); *see also TufAmerica, Inc. v. Codigo Music LLC*, 2017 WL 3475499, at *6-7 (S.D.N.Y. Aug. 11, 2017)

(granting motion to withdraw and finding nonpayment of attorneys' fees coupled with irreconcilable difference between client and counsel sufficient reasons to justify withdrawal); *United States v. Estate of Wiesner*, 2017 WL 14505994, at *9 (E.D.N.Y. Mar. 15, 2017) (citing *Alvarado-Vargas v. 6422 Holding Corp.*, 85 A.D. 3d 829, 830 (2d Dep't 2011) (holding the court providently granted the law firm's motion to withdraw where it was undisputed that insurer will no longer pay the law firm's legal fees for the insured's defense), *rep. & rec'd adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017); *Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (a motion to withdraw as counsel should be granted when non-payment of attorneys' fees is combined with the client's failure to cooperate or where the client has rendered it unreasonably difficult for the firm to carry out its responsibilities) (collecting cases); *Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp.*, 1997 WL 177862, at *5 (E.D.N.Y. Apr. 4, 1997) ("where a client has deliberately disregarded its obligation to pay attorney's fees, it is appropriate to permit an attorney to withdraw").

25. Here, pursuant to the Retainer Agreement, Defendants were to pay the Firm's fees on an hourly basis. But, despite receiving monthly invoices, as specifically detailed in the written Retainer Agreement, Defendants have failed and continue to fail to pay, and have owed the Firm for its work. To that end, Defendants have not paid the Firm since June 2022, and even then, payment was not up to date. Furthermore, discovery will soon start and the Firm will be required to perform substantial additional work with no reasonable expectation of payment. Indeed, should the Court deny the relief sought herein, the Firm has no reason to believe that the Defendants will pay for any future legal fees or costs incurred in further defense of this action, which will mount substantially in the near future.

26. Additionally, it is well-settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and failure to communicate with counsel are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See Batres v. Valente Landscaping Inc.*, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (holding that plaintiffs' failure to communicate with counsel was sufficient to establish good cause to relieve counsel); *Chen v. Wai? Café Inc.*, 2016 WL 722185, at *7 (S.D.N.Y. Feb. 19, 2016) (citing *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal"); *Farmer*, 60 F. Supp. 3d at 445 ("Courts in this District have held that satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel"); *Naguib v. Pub. Health Sols.*, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where the client refused to communicate and cooperate with counsel); *Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting motion for leave to withdraw as counsel based on the lack of communication with the client and the acrimonious relationship that has developed between the law firm and the plaintiff).

27. Here, after numerous requests for Defendants to communicate with this Firm and repeated warnings that the Firm would move to withdraw if they continued to fail to produce the Firm with necessary documents and information as well as continued to fail to contact the Firm, they have remained non-responsive. Clearly, Defendants have repeatedly failed to cooperate with the Firm, giving this Firm grounds to withdraw as their attorneys. Indeed, Defendants' pattern of sporadic and then no communication for months has resulted in their failure to cooperate in the

7

ongoing mediation process and caused a deterioration of their relationship with the Firm such that it is unreasonable for the Firm to carry out its employment effectively.

28. Lastly, the Court should stay this action for a period of at least thirty days so as to allow Defendants time to obtain other counsel. Neither Plaintiff nor the Defendants would be prejudiced by the withdrawal of the Firm. Presently, formal discovery has not yet started, nor has the Court entered a Discovery Plan and Scheduling Order, and trial is not yet scheduled in this matter. As such, the Firm further requests that the Court stay proceedings in this action for a period of thirty days to permit Defendants to secure new counsel. *See Wiesner*, 2017 WL 1458724 (granting stay of sixty days to permit defendant to obtain new counsel); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (withdrawal permitted as court determined it would not significantly prejudice plaintiffs because the litigation had only passed the motion to dismiss stage and discovery had not been conducted); *see also Kariman v. Time Equities, Inc.*, 2011 WL 1900092 (S.D.N.Y. 2011) (collecting cases and noting withdrawal is typically permitted even when substantial discovery has occurred when trial is not imminent).

29. The Firm is not asserting a charging or retaining lien against Defendants or their file.

30. For the foregoing reasons, the Firm respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for Defendants in this matter and stay the case for a period of thirty days so as to permit Defendants time to obtain other counsel.

Dated: Garden City, New York
       July 7, 2023

**FRANKLIN, GRINGER & COHEN, P.C.**

By: _____
Danielle Mietus, Esq.
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131

C: All Counsel of Record (*via* ECF)

*Via First-Class Mail*
Levent Company, Ltd. d/b/a Shish Kebab Grill
1380 Old Northern Boulevard
Roslyn, New York 11576

*Via Electronic and First-Class Mail*
Muslum Levent
Levent Company, Ltd. d/b/a Shish Kebab Grill
1380 Old Northern Boulevard
Roslyn, New York 11576
Email: Muslumlevent1@gmail.com