UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ZALDIVAR,

                              Plaintiff,
                                                                   **ORDER**
          -against-                                                 22-CV-0065 (GRB) (ARL)

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                              Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of Franklin, Gringer & Cohen, P.C. ("Franklin"), counsel for Defendants Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent (collectively, "Levent"), for leave to withdraw as attorney of record for Levent in this matter. Plaintiff has not filed any response in opposition to this motion. In support of the motion to be relived as counsel, Franklin has provided the declaration of Danielle E. Mietus ("Mietus Decl."). The Court finds that Franklin has demonstrated a legal justification for the withdrawal and, thus, the motion is granted.

      Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. The court must consider two factors when deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-

3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). Moreover, where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. *See Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999)*; Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively"). Courts have repeatedly found withdrawal to be appropriate when the client does not cooperate with the attorney in the litigation. *See, e.g., United States v. Lawrence Aviation Indus.,* No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, 2011 WL 601415, at * 1 (E.D.N.Y. Feb. 11, 2011) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment

effectively."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 U.S. Dist. LEXIS 10405, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Here, Franklin details the difficulties with continued representation of Levent. Counsel states that Levent has failed and continue to fail to pay the Firm for legal services rendered and there has been a breakdown of the relationship rendering it unreasonably difficult for the Firm to effectively and adequately carry out its representation. According to Franklin, Levent has not paid any amounts owed since June 2022, and even then, payment was not up to date, despite monthly billing. Mietus Decl. at ¶ 25.

In addition, counsel claims that Levent has not cooperated in the defense of this action. According to Franklin, in an effort to comply with this Court's Order of October 13, 2022, Franklin contacted Levent on numerous instances requesting the required documents and information but received sporadic responses. Levent has continued to fail to provide the requested documents and information despite repeated requests for same. *Id*. at ¶ 10. Each of these attempts went unanswered. *Id*. The parties were had elected to participate in the EDNY mediation program, and advised the Court of their selection of mediator, Patrick McKenna, Esq., which was scheduled to be completed by March 27, 2023. *Id*. at ¶ 11. However, shortly thereafter in early-February 2023 a tragic earthquake occurred in Turkey where Defendant Levent had family. Around this same time, Defendant Levent informed the Firm that because of the earthquake in Turkey where several of his family members had unfortunately been unaccounted for, Defendants would not be able to participate in mediation until late March. In early-March 2023, the Firm again attempted to ascertain Defendants' availability for mediation

that month, but Defendants ceased all communication with counsel. *Id*. at ¶ 12. Ultimately, given Defendants inability to confirm a mediation date, the parties were unable to move forward with mediation. *Id*. at ¶ 13. On May 3, 2023, Franklin advised the Court that Levent had been in limited contact with counsel since early-February 2023 and, since the Franklin's last contact with Levent in early-March 2023, Levent had ceased communication with counsel entirely. *Id*. at ¶ 15. That same day, Franklin sent email correspondence to Defendant Levent, warning of the consequences of Levent's continued failure to respond and cooperate with their counsel in this matter and, notifying Levent that if Franklin did not receive a response, it would have no option but to move to withdraw representation. *Id*. at ¶ 16. Upon Defendant Levent's receipt of the Franklin's May 3rd email, he contacted the Franklin by telephone informing counsel that several of his relatives in Turkey passed away due to the earthquake and his time and financial resources have been devoted to aiding his family. *Id*. at ¶ 18. There have been no further contact with Levent since then, despite the efforts to contact them and Defendant Levent's phone number is no longer receiving calls. *Id*. at ¶ 19.

The Court finds that, in light of the history of a failure to cooperate, refusal to pay legal fees incurred and given the early stage of this action, Franklin has sufficiently demonstrated satisfactory reasons to withdraw from further representing Levent in this matter. In particular, Franklin's uncontroverted declaration indicates that Levent has totally ceased to cooperate or communicate with its attorneys, despite multiple attempts on the part of Franklin. Counsel served the instant Motion to Withdraw by first class mail on Levent at its business. *See* Affidavit of Service of Notice of Motion To Withdraw As Counsel, dated July 10, 2023 ("Proof of Service"). There has been no meaningful contact between the attorney and client for over 30 days and there has been no opposition to his application to withdraw as counsel, accordingly, this

Court grants Franklin's motion to withdraw.

Levent Company, Ltd. d/b/a Shish Kebab Grill is cautioned that it must appear by counsel or will be considered to be in default.  *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996).  Levent Company, Ltd. d/b/a Shish Kebab Grill is ordered to secure substitute counsel no later than September 29, 2023.

Outgoing counsel is directed to serve a copy of this Order upon Levent and file proof of service on ECF forthwith.

Dated: Central Islip, New York  
      August 29, 2023

**SO ORDERED:**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge