UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ZALDIVAR,

                      Plaintiffs,                       **REPORT AND RECOMMENDATION**

        -against-                                       **22-CV-0065 (GRB) (ARL)**

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                      Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On January 5, 2022, plaintiff Jose Zaldivar ("Plaintiff") commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs and New York Labor Law Article 19, §650 et seq. ("NYLL") seeking compensatory damages, liquidated damages, punitive damages and attorneys' fees. ECF No. 1. Defendants Levent Company, Ltd. D/B/A Shish Kebab Grill, and Muslum Levent ("Defendants") filed an answer on April 11, 2022. ECF No. 6. On October 13, 2022, the undersigned issued an FLSA Initial Discovery and Mediation Order. ECF No. 10. At the parties' request, the matter was referred to mediation on January 24, 2023.

       In a letter from Plaintiff's counsel dated April 27, 2023, Plaintiff reported that Defendants has not participated in the mediation as promised and had not produced documents in accordance with the Court's October 2022 Order. ECF No. 12. Plaintiff requested permission to move for default judgment in light of Defendants' failure to participate. *Id*. By letter dated May 3, 2023, counsel for Defendants advised that Defendants were unable to participate in the mediation "because of the tragic earthquake in Turkey in early-February 2023, where Defendant Levent has family. As a result, Defendants have sporadically been in contact with their counsel and their last contact with Defendants was in early-March 2023. Since then, Defendants have

ceased communication with their counsel." ECF No. 13.  In response, on May 4, 2023, this Court directed that "Counsel for Defendants shall either move to withdraw as counsel or produce documents as directed by this Court's prior order no later than July 7, 2023."

On July 7, 2023, Defendants' counsel moved to withdraw as counsel because of a breakdown in communication.  ECF No. 14.  The motion was served on Plaintiff and each of the named Defendants.  ECF No. 16.  Neither Defendant responded to the motion to withdraw.  On August 29, 2023 this Court granted counsel's motion to withdraw and advised Defendant Levent Company, Ltd. d/b/a Shish Kebab Grill ("Levant Company") that it must appear by counsel or will be considered to be in default.  ECF No. 17.  Levant Company was given until September 30, 2023 to secure substitute counsel.  The Court's order was served on both Defendants. ECF No. 18.  To date, Defendants have failed to respond to the Court's order.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(b)(2)(A)(ii)-(vii), when a party fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  Any sanction short of striking Defendants' answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since Defendants have not responded to court orders,

have not participated in discovery, or otherwise defended this action. *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility'").

Given the course of conduct referenced above, it is apparent to the undersigned that Defendants are unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery. In addition, Defendants have been explicitly warned of the consequences of noncompliance. Accordingly, the Court reports and recommends that Defendants' answer be stricken and a default judgment be entered against Defendants Levent Company and Muslum Levent.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Defendants must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 12, 2023

                                                        /s/
                                       ARLENE R. LINDSAY
                                       United States Magistrate Judge