UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ZALDIVAR,

                Plaintiffs,

                                                          **ORDER**
        -against-                                          22-CV-0065 (GRB) (ARL)

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

On January 5, 2022, plaintiff Jose Zaldivar ("Plaintiff") commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs and New York Labor Law Article 19, §650 et seq. ("NYLL") seeking compensatory damages, liquidated damages, punitive damages and attorneys' fees. ECF No. 1. Defendants Levent Company, Ltd. D/B/A Shish Kebab Grill, and Muslum Levent ("Defendants") filed an answer on April 11, 2022. ECF No. 6. On October 13, 2022, the undersigned issued an FLSA Initial Discovery and Mediation Order. ECF No. 10. At the parties' request, the matter was referred to mediation on January 24, 2023.

In a letter from Plaintiff's counsel dated April 27, 2023, Plaintiff reported that Defendants has not participated in the mediation as promised and had not produced documents in accordance with the Court's October 2022 Order. ECF No. 12. Plaintiff requested permission to move for default judgment in light of Defendants' failure to participate. *Id*. By letter dated May 3, 2023, counsel for Defendants advised that Defendants were unable to participate in the mediation "because of the tragic earthquake in Turkey in early-February 2023, where Defendant Levent has family. As a result, Defendants have sporadically been in contact with their counsel and their last contact with Defendants was in early-March 2023. Since then, Defendants have

ceased communication with their counsel." ECF No. 13.  In response, on May 4, 2023, this Court directed that "Counsel for Defendants shall either move to withdraw as counsel or produce documents as directed by this Court's prior order no later than July 7, 2023."

On July 7, 2023, Defendants' counsel moved to withdraw as counsel because of a breakdown in communication.  ECF No. 14.  The motion was served on Plaintiff and each of the named Defendants.  ECF No. 16.  Neither Defendant responded to the motion to withdraw.  On August 29, 2023 this Court granted counsel's motion to withdraw and advised Defendant Levent Company, Ltd. d/b/a Shish Kebab Grill ("Levant Company") that it must appear by counsel or will be considered to be in default.  ECF No. 17.  Levant Company was given until September 30, 2023 to secure substitute counsel.  The Court's order was served on both Defendants. ECF No. 18.  Defendants failed to respond to the Court's order.

In light of Defendants failure to participate in this action, and pursuant to Rule 16(f) of this Court recommended to Judge Brown that Defendants' answer be stricken and a default judgment be entered against Defendants Levent Company and Muslum Levent on October 12, 2023.  ECF No. 19.  Defendants did not object to the Report and Recommendation and on November 20, 2023 Judge Brown adopted this Court's Report and Recommendation and directed the Clerk of the Court to enter a notation of default.  Judge Brown also directed Plaintiff to file a proposed order pursuant to the undersigned's Individual Rules Appendix A within 10 days thereafter.  The default was entered on November 20, 2023, however, Plaintiff never filed a proposed order of default judgment as directed.

On January 8, 2024 *pro se* Defendant Muslum Levent wrote to the Court indicating that his business, Levent Company had closed its operations and that despite his failure to cooperate in the proceedings to date, he "sincerely apologize[d] for any inconvenience this may have

2

caused" and indicating he was "fully committed to fulfilling my legal obligations."  ECF No. 24.  This letter was filed as a motion to vacate the default.  This motion was referred to the undersigned by Judge Brown.

Shortly thereafter, on February 12, 2024, Scott Michael Mishkin ("Mishkin") filed a notice of appearance on behalf of both Defendants.  ECF No. 25.  On the same day, Defendants advised the Court that the parties mutually agreed to return to mediation and requested a 60-day stay of the action to pursue mediation.  ECF No. 26.  The Court granted the motion for a 60-day stay and directed that mediation be completed by April 15, 2024.  On May 9, 2024, the mediator reported that the matter was not settled.  Despite the expiration of the stay, Plaintiff has not filed a motion for default judgment, nor has Plaintiff responded to the pending motion to vacate the entry of default.

On May 31, 2024, Mishkin filed a motion to withdraw as counsel, providing an affidavit indicating that Defendants had failed to pay attorneys' fees in accordance with the retainer agreement.  ECF No. 27.  The motion indicates it was served upon Muslum Levent by email.  Neither Plaintiff nor Defendants have responded to Mishkin's motion to withdraw.

Turning first to Defendants' motion to vacate the entry of default, in this case, while the Clerk has entered a default, there is no default judgment.  Under these circumstances, the Court decides the motion to vacate under the more lenient standard of Federal Rule of Civil Procedure ("Rule") 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens*, LLC, No. 11-CV-5749, 2013 U.S. Dist. LEXIS 179261, 2013 WL 6835192, at *2 (E.D.N.Y. Dec. 19, 2013).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  When determining whether there is "good cause" to vacate entry of default

3

under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC*, No. 12 Civ. 0052, 2013 U.S. Dist. LEXIS 61877, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013). However, because an entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *see Meehan v. Snow,* 652 F.2d at 276, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

      Here, Plaintiff has not responded to Defendants' motion to vacate the entry of default, and indeed, despite being directed to do so by Judge Brown, never sought entry of a default judgment. While the Court is troubled by Defendants repeated failure to actively participate in this litigation, it cannot be said the Defendants have not participated at all, having twice retained counsel, answered the Complaint – although that answer has since been stricken – and twice participated in mediations. Neither party has actively pursued this litigation. Defendants provide a litany of purported justifications for their failures, and Plaintiff has not done much to pursue this action failing to move for entry of default judgment and failing to respond to the motion to vacate.

      In light of the foregoing, the parties shall be given one final opportunity to move this action forward. The motion to vacate the entry of default is granted and Defendants shall answer the Complaint within 15 days from the date of this Order. In the event Defendants fail to answer the Complaint, Plaintiffs shall seek entry of default and file a motion for default judgment no

4

later than July 25, 2024. In the event Plaintiff fails to move for entry of default judgment, the undersigned shall recommend to Judge Brown that this action be dismissed for failure to prosecute.

Also pending is Mishkin's motion to withdraw. ECF No. 27. The motion shall be held in abeyance for 15 days to allow Defendants to rectify the situation with counsel. Defendant Levent Company is once again cautioned that it must appear by counsel or will be considered to be in default. *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996). Mishkin shall file a status update with the Court no later than July 20, 2024, advising the Court regarding the payment of attorneys' fees and the possibility of continued representation.

Dated:   Central Islip, New York
         June 26, 2024

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

5