UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ZALDIVAR,

                Plaintiff,

      -against-

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                Defendants.
-------------------------------------------------------------------X

**ORDER**
22-CV-0065 (GRB) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of Scott Michael Mishkin PC. ("Mishkin"), counsel for Defendants Levent Company, Ltd. d/b/a Shish Kebab Grill ("Shish Kebab Grill") and Muslum Levent (collectively, "Defendants"), for leave to withdraw as attorney of record for Defendants in this matter. ECF No. 27. Plaintiff has not filed any response in opposition to this motion. In support of the motion to be relived as counsel, Mishkin has provided the declaration of Scott Michael Mishkin ("Mishkin Decl."). On July 9, 2024, Defendant Muslum Levent filed for bankruptcy, automatically staying all proceedings against him, thus to the extent Mishkin seeks to be relieved as counsel for Muslum Levent, that motion is stayed. However, the Court finds that Mishkin has demonstrated a legal justification for the withdrawal of his representation of Defendant Shish Kebab Grill and, thus, the motion is granted with respect to that Defendant.

      Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York. The court must consider two factors when deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). Moreover, where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. *See Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999)*; Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively"). Courts have repeatedly found withdrawal to be appropriate when the client does not cooperate with the attorney in the litigation. *See, e.g., United States v. Lawrence*

*Aviation Indus.,* No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, 2011 WL 601415, at * 1 (E.D.N.Y. Feb. 11, 2011) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 U.S. Dist. LEXIS 10405, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Failure to pay legal fees has also been found to be a legitimate ground for granting a motion to withdraw. *See, e.g., FCS Advisors, LLC v. Island Fabrication LLC*, No. 23-CV-7341 (ALC) (KHP), 2024 U.S. Dist. LEXIS 78790, at * 4, 2024 WL 2133961 (S.D.N.Y. Apr. 30, 2024) ("[n]onpayment of fees has consistently been found to be a legitimate ground for granting a motion to withdraw by several Courts in this Circuit"); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." (collecting cases)); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw." (citation omitted)).

Here, Mishkin details the difficulties with continued representation of Shish Kebab Grill. Counsel states that Shish Kebab Grill has failed and continue to fail to pay the Firm for legal services rendered and there has been a breakdown of the relationship rendering it unreasonably difficult for the Firm to effectively and adequately carry out its representation. According to Mishkin, Shish Kebab Grill (and Muslum Levent) have not paid any amounts owed since May 1, 2024. Mishkin Decl. at ¶ 4. Defendants prior counsel was also permitted to withdraw in light of

Defendants refusal to pay outstanding legal fees. *See* ECF No. 17. On June 26, 2024, this Court delayed resolution of Counsel's motion to withdraw to afford Defendants on final opportunity to allow Defendants to rectify the fee situation with counsel. ECF No. 28. By letter dated July 10, 2024, Mishkin advised the Court that Defendants had "not paid his attorney fees and/or contacted me at all." ECF No. 29.

The Court finds that, in light of the history of a refusal to pay legal fees incurred, Mishkin has sufficiently demonstrated satisfactory reasons to withdraw from further representing Shish Kebab Grill in this matter. Counsel served the instant Motion to Withdraw by email on Muslum Levent. There has been no meaningful contact between the attorney and client for over 30 days and there has been no opposition to his application to withdraw as counsel, accordingly, this Court grants Mishkin's motion to withdraw.

Levent Company, Ltd. d/b/a Shish Kebab Grill is cautioned that it must appear by counsel or will be considered to be in default. *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996). Levent Company, Ltd. d/b/a Shish Kebab Grill is ordered to secure substitute counsel no later than September 27, 2024.

Outgoing counsel is directed to serve a copy of this Order upon Shish Kebab Grill and file proof of service on ECF forthwith.

Dated: Central Islip, New York  **SO ORDERED:**
      August 27, 2024

                                                        /s/
                                         ARLENE ROSARIO LINDSAY

United States Magistrate Judge